J. WESLEY ROMMELL ET AL. *v.* PHILIP J. WALSH ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

 

Argued June 4—decided July 16, 1940.

*Joseph P. Cooney,* with whom were *W. Arthur Countryman, Jr.,* and *John P. Harbison,* for the plaintiffs.

*John M. Bailey* and *Harold Borden,* for the defendants.

MALTBIE, C. J.   This is an appeal from the zoning board of appeals of the city of Hartford, in which the members of that board as constituting it and certain property owners were summoned to appear before the Superior Court to answer the complaint of the plaintiffs, other property owners claiming to be aggrieved by the order of the board.   Appearances were entered by an attorney for the defendant property owners and by the corporation counsel and his assistant for the members of the zoning board.   The attorneys, in behalf of the parties they respectively represent, filed separate answers.   On July 2, 1939, the trial court rendered judgment sustaining the appeal and directing that the order of the zoning board be set aside.   On August 4, 1939, a notice of intention to appeal was filed under § 368 of the Practice Book,

by "The Defendants," signed only by the attorney who had appeared for the defendant property owners. On September 15, 1939, an appeal was filed by "The Defendants" signed by the attorneys both for the property owners and the zoning board. Subsequently they joined in a joint request for a finding, and, after a counterfinding had been filed by the plaintiffs and the finding had been made, joined in assignments of error. In this court the plaintiffs have filed three motions, one to dismiss the appeal as a whole for failure to prosecute it with proper diligence, the second, to dismiss the appeal of the zoning board because no notice of intention to appeal was filed by it, and the third, to dismiss the appeal of the defendants named as constituting the zoning board on the ground that the board and its members had no right to appeal and that the subject-matter of the litigation can be determined between the plaintiffs and the defendant property owners, so that the board is not a necessary party to the proceeding.

Upon the face of the papers there does not seem to be such improper delay in prosecuting the appeal as to require that it be dismissed on that ground and the motion for such dismissal is denied, without prejudice, however, to its renewal at the next term of court should steps not be taken to perfect the appeal so that it may be disposed of at that time. Counsel who signed the notice of the intention to appeal for "the defendants" had not entered a formal appearance for the board. The rule concerning appearances (Practice Book, § 47) is "a rule of convenience, and as such should be observed," but it does not preclude recognition by the court of the authority of an attorney who has not formally entered in accordance with its terms. *Schoonmaker* v. *Albertson & Douglass Machine Co.*, 51 Conn. 387, 393. The effect of the

notice of intention to appeal, filed under the provisions of Practice Book, § 368, is, in the absence of an order of the court permitting an execution to issue, to hold further proceedings in the case in abeyance during the summer months. Practice Book, § 366; *Joseph* v. *Donovan*, 118 Conn. 80, 81, note, 171 Atl. 24. In such a case as this, notice of appeal by one of the defendants would be as effectual to stay proceedings as a notice filed by both. Within the period permitted by the rules after the filing of the notice, both parties joined in an appeal, a request for a finding, and an assignment of errors, without objection by the plaintiffs, until some six weeks after the filing of the last paper, when the motion to dismiss the appeal as to the board was filed. If, under these circumstances, counsel who had entered for the defendant property owners was authorized to file a notice of intention to appeal for the board as well as for them, we could not hold that the appeal taken by the board was not before us. In the absence of any allegation or proof of a lack of such authority, the motion to dismiss the appeal as regards the board must be denied.

The other motion, asserting that the zoning board or its members had no right to appeal to this court, presents a question which we have never had occasion to determine. The practice in this state, with reference to appeals from administrative boards, has varied. Our reported decisions on such appeals, too numerous to cite, disclose, in those types of such appeals most commonly presented to us, a situation which may be summed up as follows: The appeals of this nature which were the earliest to come before us with any frequency were those taken from the decisions of county commissioners with respect to licenses to sell intoxicating liquor, and the county

commissioners frequently appeared by their attorney as defendants in this court, although sometimes the matter was left to be presented only by the parties having a direct interest in the litigation. The former railroad commissioners did not ordinarily appear; usually the parties directly interested litigated the controversy; but in some cases, as where the question was as to the location of street railway tracks in the streets of a municipality, they sometimes appeared, evidently as representing the public interests involved. When the public utilities commission succeeded the railroad commissioners it did not appear as defendant in the earlier appeals taken from its orders, but in the last few years it has consistently done so. The liquor control commission has uniformly appeared as defendant on appeals taken from its decisions, and in one instance has itself taken an appeal to this court. In appeals from medical examining boards the boards have usually appeared as defendants. In appeals from the decisions of individual public officers, such as those determining whether to approve a location for a gasoline station, or whether another officer should be removed from office, the officer acting in the matter has usually appeared as a defendant. In appeals from zoning boards, the boards have in most instances appeared as party defendants, and in four instances they have themselves taken appeals to this court; in a few cases both the board and the municipality appeared as defendants; in some cases the municipality has alone appeared; in others the parties directly interested in the subject-matter of the litigation have been the only ones to appear. In proceedings for the assessment of benefits and damages, the board making the assessment or award has at times appeared; in two instances it has taken an appeal to this court; in one instance both the board and the municipality ap-

peared as defendants; but in the great majority of cases the municipality has been the party to appear before us. In appeals from boards of relief the municipality is the party defendant, but this is referable to the statute which directs that upon such an appeal the municipality shall be cited in. General Statutes, § 1200.

In some appeals from administrative boards the question at issue is of consequence only to certain parties who will be directly affected, as, for example, where the public utilities commission is called upon to apportion between a municipality and a railway company the cost of the construction of a highway bridge over a railway track. *Norwalk* v. *Connecticut Co.*, 88 Conn. 471, 91 Atl. 442. In proceedings for the assessment of benefits and damages, the parties directly concerned are the property owners affected and the municipality which must bear the expense of the public improvement. In other cases, however, there is a definite public interest to be protected. This is true, for instance, of many orders of the public utilities commission, and is particularly true with respect to zoning regulations. In appeals of this type, the public interest should be represented. In appeals in zoning cases the municipality might no doubt properly do this. However, under most, if not all, of our municipal charters, the function of protecting and advancing the public interest in establishing and maintaining a proper and adequate zoning system is entrusted to certain boards, which, in that respect, exercise a large discretion. While these boards have ordinarily no corporate existence as such but are merely agencies of the municipality, and while they have no direct interest in the litigation, it would be a logical conclusion that because of the function they

perform they should represent the public interests entrusted to them in appeals taken from their decisions.

Administrative boards differ radically from courts because frequently in the performance of their duties they are representing such interests, whereas courts are concerned with litigating the rights of parties with adverse interests who appear before them. Appeals taken from decisions of such boards are in a very different category than are appeals taken from a lower to a higher court, where the lower court, having acted, ceases to have any interest in the controversy, direct or representative. An appeal from an administrative board is not the means by which jurisdiction of a cause is transferred from one tribunal to another, but is a process by which a court may be called upon, not to substitute its judgment for that of the board, but to determine whether the latter has acted legally and in a proper exercise of the discretion vested in it. *Norwalk Street Ry. Co.'s Appeal,* 69 Conn. 576, 600, 38 Atl. 708; *Malmo's Appeal,* 72 Conn. 1, 6, 43 Atl. 485; *Brein* v. *Connecticut Eclectic Examining Board,* 103 Conn. 65, 87, 130 Atl. 289; *DeFlumeri* v. *Sunderland,* 109 Conn. 583, 585, 145 Atl. 48. The analogy between appeals taken from administrative boards and those taken from lower to higher courts is no more close than that between the former and proceedings by which a public officer is called to account for misconduct in office. The legislature could provide, as it has in fact done in the case of appeals from boards of relief, that in all appeals from the administrative boards of a municipality, it should be cited in to defend and thus make it the representative of the public interests involved; and if that were done the board would have no occasion itself to appear as a party. The absence of such a provision indicates at least a lack of intent on the part of the legislature

that the municipality must appear as a party defendant. We know of no compelling reason why an administrative board, where it represents the public interests entrusted to its care, may not, as such, be made or appear as a party defendant in an appeal taken from an order it has made or may not, where the trial court has overruled its decision, prosecute an appeal to this court. The frequency with which such a practice has been followed in the case of boards performing administrative functions indicates that it conforms to a general understanding that the procedure is proper and apt for the determination of the issues in litigation.

Where there is no controlling statutory or charter provision, in appeals from administrative boards which, like zoning boards, are charged with the duty of preserving and advancing the interests of the public, whether they are agencies of the state or of a municipality, a citation to the board as such, served either upon the secretary or its individual members, to appear and answer the complaint, is the proper procedure in bringing the appeal. Should there be others who have a direct interest adverse to that of the plaintiff, they also should be summoned in, either at the time the appeal is taken or subsequently. See Practice Book, Form 581. The municipality in the case of municipal boards may no doubt intervene as the principal representing the public interests concerned. If the subject-matter of such an appeal does not give rise to issues affecting the public generally, the board need take no active part in the litigation but may leave it to be prosecuted by the parties directly concerned. This does not mean, however, that a court would be justified in dismissing it as a party to the appeal upon the ground that the public interests were not concerned in the particular litigation

but, being a proper party defendant at the institution of the proceedings, it continues as such, whether or not it takes active part in the litigation. A similar practice should control appeals from public officers charged with the protection of public interests, as the mayor of a city exercising the duty of determining whether the proposed location of a gasoline station is a proper one or a mayor charged with the duty of removing an officer if he finds him guilty of misconduct; see Practice Book, Form 582; although we note that there is some disagreement with this conclusion in other jurisdictions; see *State ex rel. Kempster* v. *Common Council of Milwaukee,* 90 Wis. 487, 63 N. W. 751. A like practice should also be followed in the absence of statutory provision as regards appeals from such state officers as the highway commissioner or the tax commissioner. As regards appeals from boards or municipal officers, whose functions go no farther than to determine the rights of parties having a direct interest in the determination of the matters before them, as boards for the assessment of benefits and damages, there is no occasion for making the board a party to the proceedings and the citation should run to the municipality concerned. See Practice Book, Form 578; *Kirchoff* v. *Board of County Commissioners,* 189 Minn. 226, 248 N. W. 817.

We are aware that there are decisions in other jurisdictions not in harmony with these conclusions. *Zoning Board of Appeals* v. *McKinney,* 174 Md. 551, 199 Atl. 540, 117 A. L. R. 207, and note. Some of the decisions there cited relate to the right of a judicial officer to appear as a party in defense of a decision he has made, and others are controlled by statutory provisions. *Zoning Board of Appeals* v. *McKinney,* supra, likens an appeal from a board of zoning appeals to one taken from a court, an analogy that fails

to take into account the vital difference we have pointed out between them, and particularly the fact that such boards, while not directly interested in the subject-matter of the litigation, may be charged with a duty of protecting public interests involved in the appeal. *Lansdowne Board of Adjustment's Appeal,* 313 Pa. St. 523, 170 Atl. 867, and *People ex rel. Steward* v. *Railroad Commissioners,* 160 N. Y. 202, 212, 54 N. E. 697, both overlook the element in the situation to which we have just referred. See also *Clark* v. *Hill,* 208 Wis. 575, 577, 23 N. W. 502. On the other hand, the conclusions to which we have come find support in *Moede* v. *Stearns,* 43 Minn. 312, 45 N. W. 435, and *People ex rel. Burnham* v. *Jones,* 110 N. Y. 509, 18 N. E. 432, although the latter case was stated in *People ex rel. Steward* v. *Railroad Commissioners,* supra, to represent an exception rather than the general rule.

All three motions are denied.

In this opinion the other judges concurred.