JOHN H. YEOMANS v.
ZONING COMMISSION OF THE TOWN OF ANDOVER

COURT OF COMMON PLEAS    HARTFORD COUNTY    FILE NO. 52863

Memorandum filed September 20, 1950.

*Stephen E. Ketcham,* of Rockville, for the Plaintiff.

*John D. LaBelle,* of Manchester, for the Defendant.

DEVLIN, J. As to the first claim it is alleged that the appeal was not taken within fifteen days from the date of final action by the zoning commission, as required by General Statutes, § 844. Final action was taken on June 26, 1950, and service made on July 11.

The law is well settled in this state that the day of the act from which a future time is to be ascertained is to be excluded from the computation. *Lamberti* v. *Stamford,* 131 Conn. 396. The notice here given was within the time limited.

The second and third claims deal with the question of how the process shall be served, it being the contention of the defendant that since all of the commission members were not summoned and the clerk of the board was not served it is defective.

The mode of service is usually governed by statutory or charter provision and the outlined procedure must be strictly followed. Section 845 grants the right of appeal in the manner provided in § 844. The latter section provides that notice of the appeal shall be given by leaving a true and attested copy thereof "with said board." There is no specific direction that it be given to the chairman or to the secretary or clerk. The matter is discussed in the case of *Rommell* v. *Walsh*, 127 Conn. 16, 23, wherein it is stated that the proper procedure is "a citation to the board as such, served either upon the secretary or its individual members" and this seems to be the form followed in the Practice Book, Form No. 581. This is the recommended procedure, but there are instances, however, where the board has no separate secretary or lists no "agent," as in the present case.

The theory behind all of these statutes requiring service on a particular person is to insure notice to the tribunal or board involved that further action is contemplated so that it may take the proper steps to protect the interests of the parties involved.

When the statute is not specific as to service, any notice given to the board, either to its presiding officer, as in the present case, or to a member, is sufficient to protect the ends of justice.

As the notice in this case was served on the chairman of the zoning commission, it was a sufficient compliance with the statute.

The plea in abatement is overruled on all grounds.