ZONING BOARD OF ADJUSTMENT OF NEW CASTLE COUNTY, Delaware, Respondent Below, Appellant, v. DRAGON RUN TERRACE, INC., a corporation of the State of Delaware, Petitioner Below, Appellee.

(*December* 28, 1965)

WOLCOTT, C.J., and CAREY and HERRMANN, J.J., sitting.

*Clarence W. Taylor* and *Arthur J. Sullivan,* for appellant.

*Ralph F. Keil* and *Carl Goldstein,* for appellee.

Supreme Court of the State of Delaware, No. 74, 1965.

WOLCOTT, Chief Justice.

Appellee, Dragon Run Terrace, Inc., has moved to dismiss the appeal of the Zoning Board of Adjustment of New Castle County on the ground that the Board is not a party aggrieved by the judgment below and, hence, has no standing to appeal.

This litigation began with the application of Dragon Run to the Board under 9 *Del.C.,* Sec. 2616, for a special permit for a trailer park under Article 4, Sec. 2(8) of the New Castle County Zoning Code. The Board denied the application. Dragon Run then sought review of the Board's decision by Writ of Certiorari pursuant to 9 *Del.C.* Sec. 2618.

The Board, without objection by Dragon Run and pursuant to the Writ, appeared before the Superior Court as the sole respondent and actively defended its decision. Ultimately, the Superior Court reversed the Board's decision. Then followed this appeal.

Dragon Run argues that since the Board exercises quasi-judicial functions, it is not a party to the proceedings before it and therefore has no legal interest in maintaining its decision. This being so, it is argued, the Board may not appeal from a judgment setting its decision aside since it is not a party aggrieved. Cited in support of the argument is 4 Am.Jur.2nd, Appeal and Error, Sec. 234; 4 C.J.S. Appeal and Error Sec. 205; *Miles v. McKinney,* 174 Md. 551, 199 A. 540, 117 A.L.R. 207; Lansdowne Borough Board of Adjustment, 313 Pa. 523, 170, A. 867, and numerous other cases to the same effect.

The Board is established by 9 *Del.C.*, Sec. 2613 and by reason of 9 *Del.C.*, Sec. 2616 is empowered to hear appeals brought to it by any person aggrieved by either the grant or refusal of a building permit or any decision made under the zoning regulations. The Board is granted certain powers upon appeals to it by 9 *Del.C.*, Sec. 2617.

By reason of Sec. 2617 the Board is empowered to correct error in any decision made in the enforcement of the zoning regulations, to decide requests for special questions and special exceptions, and in cases of hardship to grant variances from the zoning regulation.

Appeals from decisions of the Board to the Superior Court are authorized by 9 *Del.C.*, Sec. 2618 to be taken by any person aggrieved by the Board's decision, by any taxpayer, or by any officer of the county. The appeal is by way of Writ of Certiorari directed to the Board requiring it to return the record upon which its decision was based.

In *Nepi v. Lammot* (City of Wilmington), 2 Storey 281, 156 A.2d 413, on appeal to the Superior Court from a decision of the Wilmington Board of Adjustment it was held that the Board of

Adjustment was the only indispensable party to the appeal to the Superior Court from the Board's decision. Furthermore, in *Auditorium, Inc. v. Board of Adjustment,* 8 Terry 373, 91 A.2d 528, this Court accepted and decided an appeal from the Superior Court sitting in review of a decision of the Wilmington Board of Adjustment in which the Board of Adjustment was the only appellee. The decision is implicit approval of the status of the Board as a party litigant.

The Wilmington Board of Adjustment under the Wilmington Zoning Code is to all intents and purposes a counterpart in the City of the County Zoning Board of Adjustment. 22 *Del.C.*, Sec. 327 confers upon it substantially the same powers which are conferred upon the County Zoning Board of Adjustment by 9 *Del.C.*, Sec. 2617, and appeals from the decision of the City Board of Adjustment by reason of 22 *Del.C.*, Sec. 328 are taken in substantially the same manner as are appeals from the County Zoning Board of Adjustment under 9 *Del.C.*, Sec. 2618.

We think there is no practical difference between the two and that, accordingly the Nepi and Auditorium cases are pertinent authority for the allowance of an appeal by the County Zoning Board.

Furthermore, we think Dragon Run is in error in arguing that the Board is a quasi-judicial tribunal and, as such, subject to the general rule that it has no standing as a litigant to defend its decision. It is argued that under 9 *Del.C.*, Sec. 2617(1) the Board has the quasi-judicial duty of hearing appeals urging error in decisions made by Zoning officials, but at the same time Sec. 2617(2) and (3) confer upon the Board the power to grant special exceptions and variances. We do not understand this latter function to be the exercise of a quasi-judicial function. The exercise of these powers is the discharge of an adminstrative or delegated function.

In point of fact, this appeal involves a decision of the Board made under its adminstrative function. In so functioning, the Board is more comparable to the Public Service Commission, the right of which to appeal to this Court has never been questioned. Application of

Diamond State Tel. Co., 10 Terry 203, 113 A.2d 437; Application of Diamond State Tel. Co., 1 Storey 525, 149 A.2d 324; Application of Wilmington Suburban Water Corp., Del., 211 A.2d 602.

While the decisions cited to us by Dragon Run and, in particular, *Miles v. McKinney,* supra, hold to the contrary, we decline to follow them. We think that while the Board is only an agency of the county, has no corporate existence and has no direct interest in the outcome of the litigation, it nevertheless represents the public interest in the protection and enforcement of the zoning regulations. As the guardian of the public interest, it therefore has standing to defend its decision on appeal, particularly in view of the fact that it is the only indispensable party before the Superior Court. See *Board of Adjustment of City of Fort Worth v. Stovall,* 147 Tex. 366, 216 S.W.2d 171; *Patkin v. City of Medford,* 332 Mass. 754, 124 N.E.2d 249; *Cunningham v. Leimkuehler* (Mo.App.), 276 S.W.2d 633, and *Rommell v. Walsh,* 127 Conn. 16, 15 A.2d 6.

For the foregoing reasons, the motion to dismiss the appeal is denied.