**Patricia A. LINDSAY, Appellant, Appellee below,**

v.

**BEAVER BROOK SECTION ONE INC., t/a Beaver Brook Apartments Saienni Enterprises, et al., Appellees, Appellants below.**

Supreme Court of Delaware.

Submitted May 13, 1974.

Decided June 19, 1974.

Arlen B. Mekler and Jack R. Salley, of Wise, Lindh, Mekler & Evans, Wilmington, for appellee below, appellant.

Morton Richard Kimmel and Paul H. Spiller, of Kimmel, Spiller & Bradley, Wilmington, for appellants below, appellees.

Before HERRMANN, Chief Justice, DUFFY, Associate Justice, and BROWN, Vice Chancellor

BROWN, Vice Chancellor.

This is an appeal from a decision of the Superior Court which, in effect, set aside the findings and order of the State Human Relations Commission on a complaint brought by the appellant, Patricia A. Lindsay, for violation of 6 Del.C. § 4603, a provision of the Delaware Equal Rights To Housing Act. Appellant contends that the Superior Court violated her constitutional guarantee to due process of the law by requiring her to file the first pleadings in that tribunal and to thereby place on her the burden of proving racial discrimination by the appellees. We find her position to be totally without merit.

This action was initiated by appellant when she complained to the Human Relations Commission that appellees had refused to rent her an apartment because she was black. The Commission investigated the situation and held a hearing before a panel of its members. Its conclusion was that appellant had been subjected to discrimination by appellees "on the basis of race and/or colour".

The Commission thereupon issued an order against the appellees requiring them, among other things, to keep detailed quarterly records of rental applicants, noting the race and color of all applicants on the basis of "visual observation", and to record the reason for the rejection of any rental applicant for a period of two years. The order also specified certain information and fair housing symbols that the appellees were to utilize in all advertising thereafter, and in addition directed appellees to pay appellant the sum of $200 as damages for "encroachment on an established right". Appellees filed their notice of appeal with the Superior Court pursuant to 6 Del.C. § 4611.

The foregoing statute provides that an appeal by a party aggrieved by an order of the Commission "shall be tried *de novo, and the proceedings held as in other civil actions".* 6 Del.C. § 4611(c). Superior Court Civil Rule 3(c), Del.C.Ann., governs civil appeals *de novo* and provides that when the appellee in such an appeal is the party who had the duty to file the initial complaint in the matter, he must likewise file the initial pleading in the Superior Court within twenty days after service of process on appeal.

The Superior Court, by pre-trial ruling, required that appellant, or the Commission, as the case might be, follow that procedure in this matter. Upon the conclusion of the hearing, the trial judge ruled from the bench that there was insufficient proof to establish discriminatory rental policies by appellees based on race or color. He further ruled, as trier of the fact, that there was insufficient evidence to demonstrate that an apartment was available to satisfy the needs of appellant on the date of her application.

■ By its legal definition, the term "de novo" means "[a]new; afresh; a second time". Black, Law Dictionary (1968 Ed.) 483. Thus, 6 Del.C. § 4611 means just that, namely, try the issues again, with the parties in the same position and with the same burdens as at the administrative agency level. Whether desirable or not in this day of heavily burdened court calendars, such appeals *de novo* have been a part of our judicial process for decades. We fail to see how appellant can seriously claim that she has been deprived of due process of law simply because she is required to produce at a trial *de novo* on appeal the same quantum of evidence which, at least theoretically, she offered at the Human Relations Commission hearing.

We also note that 6 Del.C. § 4603 defines "unlawful" practices and § 4613 permits prosecution, fine and imprisonment after a certification procedure under § 4514. The statute is thus at least quasi-criminal and the requirement of a *de novo* trial on appeal is comparable to the prevailing practice in appeals from the Municipal Court of the City of Wilmington and from a Justice of the Peace Court to the Superior Court. To shift the burden to the appellees to prove non-discrimination would be to ignore the nature of the appeal.

■ Appellant further complains because the Attorney General refused to appeal the Superior Court decision to this Court, thus requiring her to retain private counsel for this final step. Her argument is a trifle muddled. The aforesaid statute, 6 Del.C. § 4611, does provide that on an appeal of its order to the Superior Court the Commission shall be represented by the Attorney General. The record further indicates that a Deputy Attorney General presented the case against the present appellees in that Court. At the same time, it must be remembered that according to the transcript before us the Commission is not one of the parties to the proceeding, but rather is the quasi-judicial agency which rendered a decision on the facts in the first instance. There is nothing in the Equal Rights To Housing statutes which compels the Attorney General, against his professional evaluation and judgment, to file a civil appeal in this Court simply because either the Commission or a complainant before the Commission feels that he should do so.

Affirmed.