Marvin E. SIMPSON and Kentwoods Mobile Estates, Inc., Appellants,

v.

Reginald KENNEDY, Appellee.

Superior Court of Delaware, Kent County.

Sept. 18, 1974.

John J. Schmittinger, Schmittinger & Rodriguez, Dover, for appellants.

Johanna D. Drooz Yoffie, Deputy Atty. Gen., for appellee.

STIFTEL, President Judge.

Appellants, Marvin E. Simpson and Kentwoods Mobile Estates, Inc. [hereinafter "Kentwoods"] do not wish to produce certain documents and do not want to answer interrogatories and thus seek protective orders (Sup.Ct. Rule 26, Del.C.Ann.) in their defense against the State Human Relations Commission's claim of race discrimination in the operation of appellants' trailer park.

The facts are essentially as follows:

On June 26, 1972, Reginald Kennedy, appellee herein, filed a complaint with the State Human Relations Commission [hereinafter "Commission"] alleging discrimination on the part of Simpson and Kentwoods. Kennedy said that the appellants sought to expel him from a dwelling on the basis of race, color, age and/or marital status. A hearing was held, and the Commission decided that the complaint was justified. Pursuant to 6 Del.C. § 4605(e), the Commission entered an order compelling the appellants to fully comply with the Delaware Equal Rights to Housing Act, 6 Del.C. § 4601 et seq., which, *inter alia*, proscribes the expulsion of any person from a dwelling on the basis of race, age, marital status, creed, color, sex, or national origin. See, 6 Del.C. § 4603(2). Appellants filed a notice of appeal in this Court. 6 Del.C. § 4611. The Attorney General's office served Simpson and Kentwoods with a set of interrogatories and a notice to produce certain documents. The interrogatories were signed by "E. Leigh Hunt, Deputy Attorney General, State of Delaware, attorney for the State Human Relations Commission's [*sic*] Appellees." The notice to produce was signed in the same manner. However, said notice to produce purported to be on behalf of Reginald Kennedy.

The appellants seek to be protected from responding to the interrogatories and notice to produce. Essentially their reasoning is as follows:

(1) The State Human Relations Commission is not a party to this action[1] and is

---

1. Lindsay v. Beaver-Brook Section One, Inc., 322 A.2d 13 (Del.Supr.1974) is not dispositive. In *Lindsay*, the Supreme Court said: " [T]he Commission is not one of the parties to the proceeding". It merely held that the Attorney General is not *compelled* to pursue an appeal to the Supreme Court on behalf of the Commission or a complainant. It did not determine the Commission's status in an appeal before this Court under 6 Del.C. § 4611.

Case law in Delaware is silent on an administrative agency's role in the judicial review of its orders. In other jurisdictions, an administrative agency whose action is reviewed normally is a necessary and proper party to that review, particularly where the public interest is involved. 2 Am.Jur.2d "Administrative Law" 742; Board of Adjustment of the City of Fort Worth v. Stovall, 147 Tex. 366, 216 S.W.2d 171 (1949); Rommell v. Walsh, 127 Conn. 16, 15 A.2d 6 (1940); Penn State Athletic Commission v. Bratton, 177 Pa.Super. 598, 112 A.2d 422 (1955).

not entitled to participate in discovery proceedings.

(2) The Attorney General's office is not entitled to represent Mr. Kennedy, a private citizen.

(3) Based upon a ruling in previous litigation between the Commission and Simpson, the Commission is not entitled to many of the documents sought in the notice to produce.[2]

■ Parties involved in litigation are entitled to resort to the discovery process. Superior Court Rule 26. The question is whether the State Human Relations Commission is a party in the proceedings herein. The statute to be construed is 6 Del.C. § 4611. It provides:

"(a) Any complainant or respondent aggrieved by an order under this chapter shall have a right of appeal by serving upon the Commission and all adverse parties a notice of appeal, and filing it within 15 days of the date of the issuance of the order in the Superior Court in the county in which the unlawful practice is alleged to have been committed.

"(b) The grounds of the appeal shall be specifically set forth in the notice of appeal. *Service of the notice of appeal upon any member of the Commission shall be deemed service upon the Commission. The Commission shall be represented by the Attorney General.* The Commission shall cause to be filed forthwith a certified copy of its record in the proceedings. Unless otherwise ordered by the court, the filing of the notice of appeal shall act as a stay of the order appealed from until disposition of the appeal. (Italics supplied).

"(c) The appeal shall be tried de novo, and the proceedings held as in other civil actions."

■ This Court must ascertain and give effect to the intent of the law as expressed in the Equal Rights Statute. Mayor and Council of Wilmington v. Dukes, 2 Storey 318, 157 A.2d 789 (Del.Supr.1960); Ernest DiSabatino & Sons, Inc. v. Apostolico, 260 A.2d 710 (Del.Super.1969). The first sentence of § 4602 sets forth the purpose of the Act:

"§ 4602. Purpose and Construction.

"This chapter is intended to eliminate, as to housing offered to the public for sale or rent, discrimination based upon race, age, marital status, creed, color, sex or national origin, and to provide an administrative procedure through which disputes concerning the same may effectively and expeditiously be resolved with fairness and due process for all parties concerned."

The Legislature emphasized that the statute "be liberally construed to the end that its purposes may be accomplished." 6 Del. C. § 4602.

The legislative purpose cannot be served unless the Commission is in Superior Court on appeals. 6 Del.C. § 4611. Complainants ofttimes lack funds to retain a lawyer to represent them. If the Commission is not a party in this Court, a Commission order in favor of a complainant who is financially unable to respond to the appeal would be meaningless. The purpose of the Act would fail.

§ 4611 requires service of notice of appeal on the Commission, and provides that "[s]ervice of the notice of appeal upon any

---

2. In The State Human Relations Commission v. Simpson, Civ.Act. No. 487, 1972, Kent Co. (unreported), the Superior Court held that the Commission was entitled to subpoena only Simpson's documents involving 1972 transactions and *all* of his documents relating to occupancy and filling of vacancies. The Supreme Court affirmed and modified that decision, excluding all documents pre-dating passage of the Act (April 25, 1969) from the scope of the subpoena. Simpson v. The State Human Relations Commission, No. 238, 1972, (decided 3/16/73—unreported).

member of the Commission shall be deemed service upon the Commission" and that "[t]he Commission shall be represented by the Attorney General." Presumably, the statute requires service on the Commission so that its case record will be sent to this Court. The service should also effectively make it a party to the appellate proceeding. The statutory mandate that the Attorney General represent the Commission on appeal (§ 4611) strongly suggests the intent to include the Commission as a party in this Court.

In New York, Pennsylvania and New Jersey, the statutes authorizing judicial review of agency orders do not specifically state that the agency is a party to the appeal.[3] In judicial review of agency orders in those jurisdictions, the agency is normally set forth as a party on appeal,[4] or counsel for the agency represents the appealing complainant.[5]

■ The State Human Relations Commission is a party to this appeal. The appellants failed to include the Commission as a party. The caption should be amended to correct this omission. As a party, the Commission is entitled to discover (Rule 26) within the limitations outlined in Simpson v. State Human Relations Commission, Supr.Ct.No. 228, 1972 (March 16, 1973— unreported). The Supreme Court case limited production by appellants short of the request by the State in its *duces tecum* subpoena.[6] *Simpson* is controlling herein on period allowed for production and discovery.

Appellants also argue that Reginald Kennedy be required to hire his own lawyer and not be represented by the Attorney General. This issue is moot. The Attorney General informed the Court by letter that he no longer represented Reginald Kennedy and he consented. Appellee informed that he would adopt the position of the Commission in this appeal as his own.

The State shall present an order within fifteen days of the date of this opinion setting forth the time limitation of production and discovery and the correction of the caption to add the Commission as a party to this appeal.

3. See, N.Y. Exec.Law § 298 (McKinney's Consol.Laws, c. 18, 1972); 43 Pa.S. § 960 (Purdon 1974–75); N.J.S.A. 10:5–21 (1974–75).

4. Moskal v. State Executive Dept., Division of Human Rights, 36 A.D.2d 46, 319 N.Y.S. 2d 358 (1971),; Chester Housing Auth. v. Penn. Human Rel. Com'n, 9 Pa.Cmwlth. 415, 305 A.2d 751 (1973); Tomlinson Agency v. Conn. Human Relations Commission, 312 A. 2d 118 .Pa.Cmwlth.1973); Jackson v. Concord Co. & N. J. Division of Civil Rights, 54 N.J. 113, 253 A.2d 793 (1969); Wilson v. Sixty-Six Melmore Gardens v. New Jersey Division on Civil Rights, 106 N.J.Super. 182, 254 A.2d 545 (1969).

5. Barnes v. Goldberg, 283 N.Y.S.2d 347, 54 Misc.2d 676 (1966) (Counsel for Human Rights Commission represented complainant Barnes); Evans v. Ross, 57 N.J.Super. 223, 154 A.2d 441 (1959) (Deputy Attorney General of the State of New Jersey represented complainant Evans); Jones v. Haridor Realty Corp., 37 N.J. 384, 181 A.2d 481 (1962) (Attorney General of the State of New Jersey represented complainant Jones); Robinson v. Branch, Brook Manor Apartments, 101 N.J.Super. 117, 243 A.2d 284 (1968) (Deputy Attorney General of the State of New Jersey represented complainant Robinson).

6. See footnote 2, *supra.*