Michael P. CEBRICK, J. Edwin James, Watson K. Ayers and Harry Strusowski, individually and collectively comprising the Delaware Alcoholic Beverage Control Commission, Appellants,

v.

C. Rex PEAKE and Jessica Peake, T/A Beach Package Store, Appellees.

Supreme Court of Delaware.

Submitted Dec. 23, 1980.

Decided Jan. 30, 1981.

Robert W. Willard, Deputy Atty. Gen. (argued), Wilmington, for appellants.

George F. Gardner, III (argued) and John Williams, of Morris, Nichols, Arsht & Tunnell, Dover, for appellees.

Before DUFFY, QUILLEN and HORSEY, Justices.

DUFFY, Justice:

The Delaware Alcoholic Beverage Control Commission (Commission) appeals from an order of the Superior Court reversing a decision by the Commission and directing it to issue a license to sell alcoholic beverages for off-premises consumption. We affirm the judgment of the Superior Court.

I

C. Rex Peake and Jessica Peake (applicants) applied to the Commission for a license to sell alcoholic beverages for consumption off premises, i. e., at a "package store." See 4 *Del.C.* § 522. Protests were filed and, after a hearing pursuant to 4 *Del.C.* § 541(b), the Commission refused to grant the license. The Peakes then appeal-

ed to the Superior Court, 4 *Del.C.* § 544, which concluded that the Commission's decision was not based on substantial evidence and that it had abused its statutory discretion by refusing to issue a license under the circumstances established in the record. The Commission then docketed this appeal.

## II

A threshold question which we raised *sua sponte* at oral argument concerns the standing of the Commission to appeal the order of the Superior Court.

The question is pertinent because of the Administrative Procedures Act, 29 *Del.C.* § 6401, etc., which became effective on July 1, 1976, and governs the Commission. § 6461. Specifically, our inquiry related to the impact of the Act on the Commission's standing to appeal a decision adverse to its own ruling.

It seems clear that under the Act and under the Liquor Control Act, 4 *Del.C.* § 101, etc., the Commission is a quasi-judicial agency which has a statutory duty to resolve disputes between parties appearing before it.[1] But the Commission is not merely an agency charged with deciding disputes between private contestants. On the contrary, the Commission has the duty of establishing "by rules and regulations an effective control of the business of manufacture, sale, dispensation, distribution and importation of alcoholic liquor within and into the State." 4 *Del.C.* § 304(a)(2). See § 304 for the broad scope of the Commission's powers within its assigned competence. And it must perform its duties whether or not protests are filed, that is, whether parties or persons appear in opposition to a specific application.

Given the statutory responsibility of the Commission, particularly its status as a pub-

lic advocate, we conclude that it has standing to docket the present appeal and to contest the ruling of the Superior Court. Compare *Rommell v. Walsh*, 127 Conn. 16, 15 A.2d 6 (1940); 2 *Am.Jur.2d* Administrative Law § 742; 4 *C.J.S.*, Appeal & Error § 205. While the matter is not entirely free from doubt, we base our conclusion on several premises:

(1) Although the Administrative Procedures Act provides for an appeal by a "party," and the Commission is not a party to proceedings before itself, the Act does not specifically bar the Commission from docketing an appeal.

(2) That Act requires an appellant to serve the Commission with a copy of the "petition, appeal or other application for relief," § 6445 (and does not require service thereon on other parties), thus implying an adversarial relationship between a petitioner whose application has been refused and the Commission.

(3) As a practical matter, an applicant who has been denied a liquor license and who appeals to the Superior Court would be without party opposition if there had not been objectors or protestants before the Commission, or if objectors or protestants who had appeared elect not to participate in an appeal to the Superior Court; such an *ex parte* appeal is not a reasonable proceeding under the Liquor Control Act. Stated otherwise, the statutory duty of the Commission to regulate the sale of alcoholic liquors should not be fashioned by objectors or protestants, or the absence thereof, to a specific licensing proceeding.

(4) Under the prevailing practice before adoption of the Administrative Procedures Act, the Commission had standing to docket an appeal and, indeed, it actively litigated licensing issues in the Superior Court and in

---

1. See § 6402(6) of the Procedures Act which defines a "party" as follows:

   " 'Party' means each person or agency named or admitted in an agency proceeding *as a party, or* properly seeking and entitled as of right to be admitted as a party to an agency proceeding."

   Under § 6422, the Commission must give notice of its proceedings to all "parties," and § 6424 requires the Commission to advise an applicant of any "contest" of the application. And the Commission must send a copy of its final order to each "party." § 6428(d). Under the Act, a "party against whom a case decision has been decided may appeal such decision to the" Superior Court. § 6442(a).

this Court.[2] Cf. *Delaware Alcoholic Beverage Con. Com'n v. Mitchell*, Del.Supr., 196 A.2d 410 (1963).

It follows that the Commission has standing to prosecute the appeal before us, compare *Zoning Board of Adjust. v. Dragon Run Terrace, Inc.*, Del.Supr., 216 A.2d 146 (1965); *Simpson v. Kennedy*, Del.Super., 327 A.2d 763 (1974); *Nepi v. Lammot*, Del. Super., 156 A.2d 413 (1959); and we now turn to the merits of that appeal.

### III

■ Under the governing Statutes, the standard of review is whether there is substantial evidence to support the Commission's decision to refuse the license. *Delaware Alcoholic Bev. v. Alfred I. duPont Sch.*, supra. For present purposes, there is no discernable difference between the standard stated in the Liquor Control Act, 4 *Del.C.* § 541(c), and that specified in the Administrative Procedures Act, 29 *Del.C.* § 6442(d).

■ As we understand the Commission's decision, it is bottomed on the conclusion that granting of the license is not demanded by the public interest or convenience[3] because there are five off-premises licenses operating within a 5-mile radius of the proposed location. The package store nearest to the proposed location is about 3.8 miles to the northwest. But, as the Superior Court stated, the record reveals a significant change in the housing facilities which adjoin the proposed location.[4] Thus in the Sea Colony condominium complex some 835 units (out of 1,001 which are planned) have been completed or are near completion within about 100 yards of the site. And in the Town of Bethany Beach there are ap-

proximately 940 single family dwellings and 103 motel efficiencies. The record also contains references to other dwelling units in the general area. On such a record, totaling at least 2,000 dwelling units, we cannot say that there is substantial evidence to support the Commission's findings and its rulings.

The Commission's ruling seems to have been much influenced by a desire to avoid what it regarded as a detriment to the Bethany Beach community. (The proposed location is not within the Town limits). We recognize that a sensitivity to certain local views has a place in the Commission's deliberations, but its mandate is derived from the applicable Statutes which are necessarily the controlling criteria for a judgment. Under those Statutes the public is entitled to make, with reasonable convenience, a lawful purchase of alcoholic liquor. *Lyons v. Delaware Liquor Commission*, Del.Gen. Sess., 58 A.2d 889, 894 (1948); *Lord v. Delaware Liquor Commission*, Del.Gen.Sess., 17 A.2d 230, 233 (1940). Given the record showing as to housing units "in the locality," and the express and implied population in that locality, particularly during the summer months when the weekend population totals as many as 48,000 persons within a 4-mile radius, it cannot be said that package stores 3.8 to 5 miles away represent "sufficient licensed premises in the locality," § 543(b)(1), to provide for the public interest or convenience. On the contrary, the Peakes have established on the record a right to a license based on public convenience. And the Superior Court properly directed that the license be issued.

\*   \*   \*   \*   \*   \*

2. The Commission also appealed to this Court after the Administrative Procedures Act became law and the case was decided without objection to its standing or discussion thereof by the Court. *Delaware Alcoholic Bev. v. Alfred I. duPont Sch.*, Del.Supr., 385 A.2d 1123 (1978).

3. 4 *Del.C.* § 543(b)(1) provides that

"(b) The Commission may refuse to license an applicant if the Commission has substan-

tial evidence that would reasonably support a belief that:

(1) Except for restaurants, there are sufficient licensed premises in the locality; or the granting of a license in the locality stated in the application is not otherwise demanded by public interest or convenience."

4. The proposed location is on Delaware Route No. 1, between Sea Colony East and Sea Colony West, 2 or 3 blocks south of Bethany Beach.

Other contentions made by the Commission have been considered and determined to be without merit.

\* \* \* \* \* \*

Affirmed.