[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is a decision on the defendants' Motion to Strike dated December 21, 2001 #104 argued before the court on January 14, 2002.
The Darien High School Building Committee ("DHSBC") may be the applicant. If it is the applicant, it is an indispensable party to this zoning appeal. Rommell v. Walsh, 127 Conn. 16, 23-24 (1940). A such factual determination should not be made in a decision on a Motion to Strike. P.B. 10-39(b); Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348 (1990).
The failure to cite in and serve a claimed indispensable party does not deprive the court of jurisdiction and may be cured at a later stage of the proceeding. Fong v. Planning Zoning Board of Appeals, 212 Conn. 628,636-37 (1989); General Statutes §§ 8-8 (g) and (k); Shulman v. ZoningBoard of Appeals, 143 Conn. 182, 183 (1956).
The plaintiffs complaint has alleged the name of the "applicant" and the claimed applicant was served. In deciding a Motion to Strike those pleaded facts must be construed in a manner most favorable to the CT Page 549 pleader. Pamela B. v. Ment, 244 Conn. 296, 308 (1998).
The Motion to Strike is denied.
TIERNEY, J.