**BROADMEADOW INVESTMENT, LLC, Appellant Below, Appellant,**

v.

**DELAWARE HEALTH RESOURCES BOARD and HealthSouth Middletown Rehabilitation Hospital, LLC, Appellees Below, Appellees.**

No. 175, 2012.

Supreme Court of Delaware.

Submitted: Nov. 14, 2012.
Decided: Dec. 12, 2012.

David L. Finger, Esquire (argued), Finger & Slanina, LLC, Wilmington, Delaware and Richard P. Beck, Esquire, Morris James LLP, Wilmington, Delaware, for appellant.

Thomas J. Allingham, II, Esquire (argued), Jennifer C. Voss, Esquire and Stephen D. Dargitz, Esquire, Skadden, Arps, Slate, Meagher & Flom, LLP, Wilmington, Delaware, Jennifer Gimler Brady, Esquire and John A. Sensing, Esquire, Potter, Anderson & Corroon, LLP, Wilmington, Delaware, for HealthSouth Middletown Rehabilitation Hospital, LLC.

Patricia Davis Oliva, Esquire (argued), Department of Justice, Dover, Delaware, for Delaware Health Resources Board.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court en Banc.

HOLLAND, Justice:

The appellant, Broadmeadow Investment, LLC ("Broadmeadow"), appeals from a final judgment of the Superior Court that dismissed its appeal from the decision by the Delaware Health Resources Board (the "Board") to grant HealthSouth Middletown Rehabilitation Hospital, LLC ("HealthSouth") a Certificate of Public Review ("CPR"). The Superior Court held that Broadmeadow lacked standing to appeal under 16 Del. C. § 9305(8). Broadmeadow seeks to have this Court reverse the judgment of the Superior Court and remand this matter for its appeal to go forward on the merits.

Broadmeadow contends it has standing to appeal the Board's decision under 16 Del. C. § 9305, the United States Constitution, and the Delaware Constitution. First, Broadmeadow submits that the Superior Court erroneously construed the statute as preventing an adversely affected health care provider from appealing an unlawful or erroneous decision to grant a CPR. Second, Broadmeadow contends that if the statute limits the right of appeal to only the losing applicant, it violates the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution. Third, Broadmeadow argues that it has the right to appeal the decision of the Board because the due process and the "open courts" provisions of Delaware's Constitution mandate a right to appeal an administrative decision adversely affecting vested property rights.

We have concluded that the Superior Court erred by dismissing Broadmeadow's appeal on the basis it lacked standing under 16 Del. C. § 9305. We hold that reading the entire statutory scheme *in pari materia*, Broadmeadow does have the right to appeal the Board's decision. Therefore, the Superior Court's judgment must be reversed. This matter is remanded for further proceedings on the merits of Broadmeadow's appeal.

### Facts [1]

On September 27, 1996, Broadmeadow was granted a certificate of need (the equivalent of a CPR) to construct and operate a 120–bed nursing home and rehabilitation facility in Middletown, Delaware. Construction was completed in November 2005 and the facility has been in operation ever since then. In November 2010, HealthSouth filed an application with the Board for a CPR which would enable it to build and operate a 34–bed freestanding rehabilitation hospital near the Broadmeadow facility. The Board began its review of HealthSouth's application on January 25, 2011.

The Board's procedures provide for a Review Committee which reviews applications and makes a recommendation to the Board. "Any person" is permitted to object to an application before the Board.[2] Broadmeadow opposed HealthSouth's application. The Review Committee conducted public hearings on the application on March 18, 2011, April 15, 2011, and May 27, 2011. At each public hearing, Broadmeadow presented live testimony opposing HealthSouth's application.

At the June 2011 Board meeting, the Review Committee presented its findings and recommendation to the Board. The Review Committee recommended against issuing a CPR to HealthSouth. The Board voted on the recommendation and that vote twice resulted in a non-decision tie. Shortly after the Board's second vote, sev-

---

1. The facts are adapted from the March 20, 2012 Memorandum Opinion of the Superior Court and the September 16, 2011 Opinion and Order of the Delaware Health Resources Management Board.

2. 16 Del. C. § 9305(6).

eral changes were made in the Board's composition. In July 2011, at the Board's next regularly scheduled meeting, the newly composed Board continued deliberations on the HealthSouth application. The Board approved the application with conditions pursuant to 16 Del. C. § 9303(d)(2).

Broadmeadow asked the Board to reconsider its approval of the application, but the Board lacked a quorum at its August 2011 meeting and therefore could not act on Broadmeadow's request. Broadmeadow then filed the first of its two appeals to the Superior Court. The following month the Board denied Broadmeadow's request for reconsideration, whereupon Broadmeadow filed its second appeal.

### Superior Court Action

On appeal to the Superior Court, Broadmeadow challenged the Board's July 2011 decision on several grounds. It argued that the new Board members were not impartial, the Board's vote did not comply with the Freedom of Information Act, and there was no substantial basis for deviating from the Review Committee's recommendation of denial of a CPR. Both the Delaware Department of Justice, on behalf of the Board, and HealthSouth moved to dismiss the appeals on the basis that Broadmeadow lacked standing to appeal under 16 Del. C. § 9305. In response, Broadmeadow argued it had standing under the statute, the Fourteenth Amendment of the United States Constitution, and article I, section 9 of the Delaware Constitution.

The Superior Court dismissed both of Broadmeadow's appeals from the Board's decision to approve HealthSouth's application for a CPR. The Superior Court ruled that Broadmeadow lacked standing under 16 Del. C. § 9305(8). The Superior Court also held that Broadmeadow had not been deprived of property for purposes of the Due Process clause of the Fourteenth Amendment or article I, section 9 of the Delaware Constitution. In addition, the Superior Court held that Broadmeadow had not been denied Equal Protection.

### Parties Contentions

The language of 16 Del. C. § 9305(8) (as distinguished from the title), does not specify who may appeal a decision of the Board. Broadmeadow argues the proper interpretation is that section 9305(8) gives standing to "any person" to be consistent with the rest of the subsections of the statutory scheme. In contrast, the Board and HealthSouth argue that the title of section 9305(8) reflects the intent of the legislature to limit the right to appeal to only the applicant.

### Standard of Review

■ Whether the Superior Court correctly interpreted the applicable standing provisions at issue is a question of law, which this Court reviews *de novo*.[3]

### Statutory Claim Considered First

■ Broadmeadow argues it has standing under 16 Del. C. § 9305 and under the federal and state constitutions. "It is the settled policy of this Court that a constitutional question will not be decided unless its determination is essential to the disposition of the case."[4] Accordingly, the first issue to decide is whether, under 16 Del. C. § 9305, Broadmeadow is granted standing to appeal the Board's decision.

### Statutory Language Silent As to Who Can Appeal

Title 16, Chapter 93 of the Delaware Code was enacted by the General Assembly "to assure that there is continuing public scrutiny of certain health care de-

3. *Fiduciary Trust Co. v. Fiduciary Trust Co.,* 445 A.2d 927 (Del.1982).

4. *Id.*

velopments which could negatively affect the quality of health care or threaten the ability of health care facilities to provide services to the medically indigent."[5] The provisions of the statute established a Delaware Health Resources Board to "foster the cost-effective and efficient use of health care resources and the availability of and access to high quality and appropriate health care services."[6] One of the responsibilities of the Board is to review Certificate of Public Review applications filed pursuant to the statute and make decisions concerning those applications.[7]

The right to appeal a decision by the Board is found in 16 Del. C. § 9305(8), which states:

> (8) Appeal—Applicant. A decision of the Board following review of an application pursuant to subdivision (5) of this section, an administrative reconsideration pursuant to subdivision (7) of this section, or the denial of a request for extension of a Certificate of Public Review pursuant to § 9307 of this title, may be appealed within 30 days to the Superior Court. Such appeal shall be on record.[8]

The title of the subsection—"Appeal—Applicant"—is not considered part of the substantive law.[9] The Delaware Code limits the purpose of titles to "convenient reference." The statutory language in the body of the statute, which does constitute substantive law, is silent as to who has the right to appeal under the provision. Accordingly, the Superior Court found that the silence of the statute created an ambiguity. We agree with that determination.

To ascertain the legislative intent for 16 Del. C. § 9305(8), the Superior Court examined Delaware case law and the history of Title 16, Chapter 93 of the Delaware Code. The evolution of the statute was explained in *Arbor Health Care v. Delaware Health Resources Board.*[10] In *Arbor,* the Superior Court noted that the language of the original statute "made it absolutely clear in the text itself that appeals to the Superior Court were limited to the [Health Systems Agency ("HSA")] . . . and the applicant."[11] The General Assembly amended the original statute in 1987 to eliminate from section 9305(8) the ability of the Health Resources Management Council, successor to the HSA, to take an appeal to the Superior Court.[12] In 1994, the General Assembly deleted the prior Chapter 93 in its entirety and substituted the present version.

In the 1994 enactment of section 9305(8), the legislature deleted the "applicant only" reference in the body of the statute but added the words "Appeal—Applicant" to the title of the subsection.[13] According to

---

**5.** 16 Del. C. § 9301.

**6.** 16 Del. C. § 9303(a).

**7.** 16 Del. C. § 9303(d)(2).

**8.** 16 Del. C. § 9305(8).

**9.** "The various analyses set out in this Code, constituting enumerations or lists of the titles, parts, chapters, subchapters and sections of this Code, and the descriptive headings or catchlines immediately preceding or within the texts of the individual sections of this Code, except the section numbers included in the headings or catchlines immediately preceding the texts of such sections, do not constitute part of the law. All derivation and

other notes set out in this Code are given for *the purpose of convenient reference, and do not constitute part of the law."* 1 Del. C. § 306.

**10.** *Arbor Health Care v. Delaware Health Resources Board,* 1997 WL 817874 (Del.Super.1997).

**11.** *Id.* at *3 (citing 61 Del. Laws ch. 393 at 1059–60).

**12.** *Id.* at *4.

**13.** *Id.*

the *Arbor* court, the revision of 16 Del. C. § 9305(8) in 1994 made "ambiguous what had previously been crystal clear—only the applicant ha[s] a right to appeal." [14] The Superior Court concluded in *Arbor* that "[w]hile it is debatable whether the heading to subdivision (8) is part of the law, this Court has no doubt that it is clear evidence of the General Assembly's intent, examined in the light of Chapter 93's statutory history, to continue providing to the applicant alone a right of appeal to the Superior Court." [15]

The Superior Court revisited the issue of whether 16 Del. C. § 9305(8) limits standing to only the applicant in *Nanticoke Memorial Hospital, Inc. v. Delaware Health Resources Board.* [16] In *Nanticoke*, the Superior Court noted that after *Arbor* the legislature amended the statute but did not alter it so as to change the result reached in *Arbor.* The Superior Court concluded that "by declining to do so, this [c]ourt is entitled to infer that the General Assembly has ratified the interpretation set forth in *Arbor.*" [17]

The Superior Court decisions in *Arbor* and *Nanticoke* hold that the General Assembly intended only for applicants to have a right to appeal Board decisions to the Superior Court. The fallacy in the Superior Court's reasoning in *Arbor* and *Nanticoke* is that, in both cases, the Supe-

rior Court relied on the title of the subsection—"Appeal—Applicant"—to ascertain the legislative intent regarding who has the right to appeal. As previously noted, the title of the subsection—"Appeal—Applicant"—is not considered part of the substantive law and accordingly, should not be relied upon in a statutory construction of 16 Del. C. § 9305(8). [18]

### Construction of the Statutory Scheme

▉ Eliminating the title of subsection 9305(8) from consideration brings back into focus the silence of the statutory language as to who has the right to appeal a Board's decision to grant a CPR. In determining the interrelationship of the provisions within Title 16, Chapter 93, this Court must rely on principles of statutory construction. When construing the provisions in a legislative enactment, this Court will attempt to harmonize them to the extent possible. [19] This is accomplished by reading the statutory provisions *in pari materia.* [20]

The language of section 9305 grants the general public the ability to participate in the oversight of Delaware's health care system by establishing standing for involvement in hearings during the certificate of review application process. Under 16 Del. C. § 9305(6), "any person" may request a public hearing on an application

---

**14.** *Id.* at *3.

**15.** *Arbor Health Care v. Delaware Health Resources Board,* 1997 WL 817874, at *7 (Del.Super.1997).

**16.** *Nanticoke Memorial Hospital, Inc. v. Delaware Health Resources Board,* C.A. No. 07A–12–005 RFS (Del.Super. Dec. 30, 2008).

**17.** *Id.* at 9.

**18.** "The various analyses set out in this Code, constituting enumerations or lists of the titles, parts, chapters, subchapters and sections of this Code, and the descriptive headings or catchlines immediately preceding or within the texts of the individual sections of this Code, except the section numbers included in the headings or catchlines immediately preceding the texts of such sections, do not constitute part of the law. All derivation and other notes set out in this Code are given for the purpose of convenient reference, and do not constitute part of the law." 1 Del. C. § 306.

**19.** *Friant v. Friant,* 553 A.2d 1186, 1190 (1989) (citing *William H.Y. v. Myrna L.Y.,* 450 A.2d 406, 410 (1982)).

**20.** *Id.*

and "any person" must be permitted to give testimony at such hearing. Under 16 Del. C. § 9305(7), "any person" may request a reconsideration hearing of a Board decision. Under 16 Del. C. § 9305(9), "the general public" is guaranteed access to all applications and to all other written materials pertinent to any review of an application.

Only the language of 16 Del. C. § 9305(8) is silent as to who has the right to appeal a final Board decision to grant a CPR. It would be internally inconsistent to allow "any person" the opportunity to participate before the Board in the administrative hearing process and then subsequently foreclose that person's right to judicial review of the Board's decision. Therefore, construing the statutory provisions *in pari materia*, we hold that the language of 16 Del. C. § 9305(8) provides "any person" with the right to appeal a decision by the Board to grant a CPR.

### Aggrieved Party

The United States Supreme Court has held "only a party aggrieved by a judgment or order of a ... court may exercise the statutory right to appeal therefrom. A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it." [21] Accordingly, this Court recognizes that "any person" has standing to appeal under 16 Del. C. § 9305(8) only if that person is an aggrieved party. In this case, Broadmeadow is "aggrieved" by the decision of the Board to grant a CPR to HealthSouth in the same geographic region that Broadmeadow already serves. Accordingly, we hold that Broadmeadow, is an "aggrieved" party, with standing to appeal under 16 Del. C. § 9305(8).

### Constitutional Caveat

It is unnecessary for this Court to address the issues raised under the United States Constitution and the Delaware Constitution. That should not be regarded, however, as a determination these issues were without merit. Serious concerns would be raised by a statutory scheme that created an adversarial administrative proceeding but only permitted an appeal by one category of adversary, e.g. the losing applicant.

### Conclusion

The judgment of the Superior Court is reversed. This matter is remanded for further proceedings in accordance with this opinion.

---

**21.** *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 333, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). *See also Watson v. City of Newark*, 746 F.2d 1008 (3d Cir.1984).