IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| OFFICE OF THE COMMISSIONER, | § | |
| DELAWARE ALCOHOLIC | § | No. 101, 2014 |
| BEVERAGE CONTROL, | § | |
| | § | |
| | § | |
| Appellant-Below, | § | Court Below – Superior Court |
| Appellant, | § | of the State of Delaware, |
| | § | in and for New Castle County |
| v. | § | C.A. No. N11A-09-008 JRJ |
| | § | |
| APPEALS COMMISSION, | § | |
| DELAWARE ALCOHOLIC | § | |
| BEVERAGE CONTROL, and | § | |
| LEX-PAC, INC. d/b/a HAK'S | § | |
| SPORTS BAR & RESTAURANT, | § | |
| | § | |
| | § | |
| Appellees-Below, | § | |
| Appellees. | § | |

Submitted: May 13, 2015
Decided: June 2, 2015

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

Upon Appeal from the Superior Court. **AFFIRMED.**

Lawrence W. Lewis, Esquire (*argued*), Laura L. Gerard, Esquire, Department of Justice, Wilmington, Delaware, Appellant-Below, Appellant.

Andrew G. Kerber, Esquire, Department of Justice, Wilmington, Delaware, Attorney for Appellee-Below, Appellee, Appeals Commission, Delaware Alcoholic Beverage Control.

Adam L. Balick, Esquire (*argued*), Melony R. Anderson, Esquire, Balick & Balick, LLC, Wilmington, Delaware, Attorneys for Appellee-Below, Appellee, Lex-Pac, Inc., d/b/a Hak's Sports Bar & Restaurant.

**HOLLAND**, Justice:

This is an appeal by the Delaware Alcoholic Beverage Control Commissioner (the "ABC Commissioner"), from a final judgment of the Superior Court that dismissed his claim against the Delaware Alcoholic Beverage Control Appeals Commission (the "Appeals Commission") for lack of standing. The Appeals Commission was created by the General Assembly to hear appeals from the ABC Commissioner's decisions, including those granting or denying a liquor license application. In this case, the Appeals Commission overturned the ABC Commissioner's decision to deny an application for a change of license classification by Lex-Pac, Inc. d/b/a Hak's Sports Bar & Restaurant ("Hak's").

The ABC Commissioner then appealed the Appeals Commission's decision to the Superior Court. Hak's filed a motion to dismiss on the grounds that the ABC Commissioner lacked standing. The Superior Court agreed and dismissed the case. We have concluded that the Delaware Code does not vest the ABC Commissioner with standing to pursue an appeal from a decision by the Appeals Commission. Therefore, the judgment of the Superior Court must be affirmed.

### *Background*

In 2000, the General Assembly enacted several legislative changes to alter the regulation of alcoholic beverage sales in Delaware.[1] By amending Title 4 of the Delaware Code, the General Assembly replaced the previous Commission,

---

[1] 72 Del. Laws ch. 486.

2

composed of five part-time Commissioners, with one full-time ABC Commissioner who has the authority to regulate the manufacture, sale, distribution, and importation of alcohol within Delaware and to resolve disputes between applicants or licensees, determine license violations, and decide whether to grant, deny, cancel, or transfer a liquor license.[2]

Under its previous configuration, the five-member ABC Commission issued decisions that were final unless appealed by a party to the Superior Court.[3] When the General Assembly established the ABC Commissioner's position, however, it also established a three-member Appeals Commission to hear appeals and to "affirm, reverse or modify the decision of the Commissioner."[4] Section 301(b) of Title 4 provides that the "Commissioner and 3 members of the Appeals Commission . . . shall be appointed by the Governor and confirmed by a majority of the . . . Senate . . . ."[5]

As part of these legislative changes, the General Assembly also created a new procedure to consider license applications. The ABC Commissioner decides on all applications in the first instance,[6] but the process differs slightly depending on whether the application is protested by "at least 10 individuals who are residents

---

[2] *See* 4 *Del. C.* § 304.
[3] *Id.* § 541(c); § 544.
[4] *Id.* § 304(b).
[5] *Id.* § 301(b).
[6] *Id.* § 541(a).

3

of the neighborhood."[7]  If so, the ABC Commissioner is required to hold a public

hearing.[8]  Following that hearing, the ABC Commissioner issues a decision, which:

> [S]hall be final and conclusive unless, within 30 days after notice thereof has been mailed by the Commissioner's office, *a party to such hearing* files an appeal in the office of the Commissioner.  Upon receipt of the appeal, the Commissioner shall cause the Chairperson of the Appeals Commission to be advised of the pending appeal and the Chairperson shall cause the Commission to be convened with at least 20 days notice to all parties.  The appeal shall be heard by the Appeals Commission, who shall, in accordance with the Administrative Procedures Act . . ., review the matter on the record and affirm, reverse or modify the decision of the Commissioner.[9]

If no members of the community protest, as was the case here, the ABC

Commissioner is still authorized to hold a hearing but is not required to do so.[10]

After considering an unprotested application, the statute provides that the ABC

Commissioner must "render the decision promptly in writing,"[11] which "shall be

final and conclusive unless, within 30 days after notice thereof has been mailed by

the Commissioner's office, *the applicant* files an appeal in the office of the

Commissioner."[12]  The applicant is then entitled to a hearing before the Appeals

---

[7] *Id.* § 304(a)(5).
[8] *Id.*
[9] *Id.* § 304(b) (emphasis added).
[10] *Id.* § 541(b).
[11] *Id.* § 544.
[12] *Id.* (emphasis added).

Commission, following the same procedural requirements as for a protested application.[13]

Under the process mandated at the time the ABC Commissioner filed his appeal in this case,[14] the statute provided that "the decision of the Appeals Commission shall be final and conclusive unless, within 30 days after notice thereof has been mailed by the Appeals Commission, *a party to such hearing* files an appeal in the Superior Court of the County within which the applicant sought a license."[15]  The provision applied to appeals from both protested and unprotested applications.  The statute then stated that:

> Unless otherwise agreed by all parties, in every appeal the cause shall be first decided by an arbitration . . . by a Superior Court Commissioner from the record, and the Superior Court Commissioner may affirm, reverse or modify the Appeals Commission's decision. . . .  If the Superior Court Commissioner finds that additional evidence should be taken, the Superior Court Commissioner may take the additional evidence or *remand the cause to the [ABC] Commissioner* for taking additional evidence on the record.[16]

The Superior Court could then consider the Superior Court Commissioner's decision, and "reverse or modify the decision of the Superior Court Commissioner or Appeals Commission and render an appropriate judgment" if it found that "the

---

[13] *Id.* ("The appeal shall follow the procedure outlined in § 541 of this title.").

[14] The General Assembly has continued to make changes to the application process, including by eliminating the mandatory arbitration provision. *See* 78 Del. Laws ch. 384, § 1.  All references in this Opinion are to the legislative scheme at the time applicable to this case.

[15] 4 *Del. C.* § 541(c) (emphasis added) (before 2012).

[16] *Id.* (emphasis added).

Superior Court Commissioner or Appeals Commission has made an error of law."[17]

### *ABC Commissioner Denies Hak's Application*

In this case, Hak's submitted an application to the ABC Commissioner to change its liquor license classification from a taproom to a restaurant in June 2008. Hak's, which advertised itself as a "Sports Bar/Gentleman's Club," had been disciplined by the ABC Commissioner in May 2008 for employing female dancers under the age of 21, which was permissible for a restaurant, but not a taproom. Hak's "candidly indicate[d]" that being able to employ people under 21 was its purpose in seeking a license change.

In November 2009, the ABC Commissioner sent a letter to Hak's declaring his intention to deny the application.[18] The letter notified Hak's that it had ten days to petition for a hearing. Hak's declined to seek a hearing, stating that it believed that the application could be decided "on the record," and noting that it believed "many of the bases that [he] seem[ed] to rely upon . . . [were] not part of the record." Accordingly, the ABC Commissioner issued his official decision denying Hak's request for a change of classification in January 2010.

---

[17] *Id.* § 541(d).
[18] The delay between the date of Hak's application submission and the ABC Commissioner's decision was the result of ongoing discussions.

*Appeals Commission Reverses ABC Commissioner*

Hak's appealed the ABC Commissioner's decision to the Appeals Commission, which scheduled a hearing in March 2010. At the hearing, Hak's and the ABC Commissioner were both given ten minutes to present oral argument. Hak's contended that the relevant facts were undisputed, but that the ABC Commissioner had erred in his interpretation of the law. Hak's also alleged that some of the ABC Commissioner's findings were not from the record, but instead from the ABC Commissioner's "own research." Hak's then contended that other restaurants were typically permitted an eight-month trial period to demonstrate that they could achieve sufficient sales of "complete meals," as required to obtain a restaurant license.

The ABC Commissioner argued, in response, that his decision was based on substantial evidence and should be upheld. He asserted that he was entitled to infer from the record that Hak's was primarily an "entertainment establishment," not a restaurant. He also argued that Hak's would be unable to restrict underage patrons from entering the "restaurant" at appropriate times, because as a restaurant, it would be required to remain open as a "place of public accommodation." He did not dispute Hak's claim that other restaurants were routinely granted provisional licenses.

In April 2010, the Appeals Commission issued its decision and order, reversing the ABC Commissioner's decision and granting Hak's application, albeit on a provisional basis. The Appeals Commission adopted, as a whole, the ABC Commissioner's findings of fact as "supported by substantial evidence," and observed that the "[ABC] Commissioner is vested with discretion to grant or refuse licenses." Nevertheless, the Appeals Commission approved Hak's change of license, conditioned on proof that "at least 60% of Haks gross revenues are derived from the sale of complete meals" after six months.

The ABC Commissioner then appealed the Appeals Commission's decision to the Superior Court. The Superior Court remanded the case to the Appeals Commission to provide "further explanation," which resulted in a reissued order with revised findings of fact but the same result for Hak's.[19] In that amended decision and order, the Appeals Commission explained that it found the ABC Commissioner's determination that Hak's "would not operate as a restaurant is not supported by substantial evidence." The Appeals Commission thus found the ABC Commissioner had abused his discretion in denying the application. Finally, the Appeals Commission noted that "the Commissioner did not dispute the representation by Haks that the ABC Commissioner has previously allowed all

---

[19] *Office of the Comm'r v. Appeals Comm'n*, 2011 WL 285597, at *3 (Del. Super. Ct. Jan. 19, 2011).

8

applicants to have an eight month [trial] period," but "offered no explanation as to why Haks could not be afforded a similar" trial period.

### *Superior Court's Dismissal*

The Superior Court then assigned the case to a Superior Court Commissioner to begin arbitration in accordance with Title 4. During the discovery phase of that proceeding, Hak's filed a motion to dismiss, arguing that the ABC Commissioner did not have standing to pursue an appeal from the Appeals Commission's decision. The Appeals Commission joined Hak's motion. After hearing oral argument from the ABC Commissioner, Hak's, and the Appeals Commission, the Superior Court Commissioner issued an opinion and order granting the motion.[20]

In that opinion, the Superior Court Commissioner found that the "General Assembly did not confer any right (or power) upon the Commissioner of the [Delaware Alcoholic Beverage Control Commission] to appeal a decision from the Appeals Commission of the [Delaware Alcoholic Beverage Control Commission] to the Superior Court."[21] Because "an administrative body . . . has no powers other than those conferred upon it by statute by which it was created," the Superior Court Commissioner determined that the ABC Commissioner lacked standing to appeal

---

[20] *Office of the Comm'r v. Appeals Comm'n*, 2013 WL 3816682 (Del. Super. Ct. July 17, 2013).
[21] *Id.* at *3.

9

the Appeals Commission's decisions.[22] The Superior Court Commissioner distinguished *Cebrick v. Peake*,[23] a decision by this Court, in 1981, holding that the Delaware Alcoholic Beverage Control Commission had standing to appeal the Superior Court's reversal of its order, on the grounds that the decision was no longer controlling, given the General Assembly's restructuring of the agency.[24] The Superior Court Commissioner also rejected the ABC Commissioner's argument that he was not part of the same agency as the Appeals Commission.[25]

After conducting a *de novo* review, the Superior Court affirmed the Superior Court Commissioner's dismissal.[26] The ABC Commissioner has now appealed to this Court, contending that he has standing to appeal decisions by the Appeals Commission, and that its order in this case to grant Hak's application should be overturned on the merits.

### *ABC Commissioner Lacks Standing*

The ABC Commissioner first argues that the Superior Court erred in finding that he lacks standing to appeal a decision by the Appeals Commission. We review questions of law, including whether a party has standing, *de novo*.[27]

---

[22] *Id.*

[23] 426 A.2d 319 (Del. 1981).

[24] *Office of the Comm'r*, 2013 WL 3816682, at *4.

[25] *Id.* at *5.

[26] *Office of the Comm'r v. Appeals Comm'n*, 2014 WL 601384 (Del. Super. Ct. Jan. 31, 2014).

[27] *Broadmeadow Inv., LLC v. Delaware Health Res. Bd.*, 56 A.3d 1057, 1059 (Del. 2012).

Standing is a "threshold" issue: if the plaintiff does not have standing, the appeal is improper and this Court cannot consider the merits of the argument.[28]

To determine whether the ABC Commissioner has standing to appeal from decisions by the Appeals Commission, we begin with the language of Title 4, the statute governing liquor license applications: because "no party has a right to appeal unless the statute governing the matter has conferred a right to do so."[29] Similarly, "[i]t is well established that administrative agencies . . . derive their powers and authority *solely* from the statute creating such agencies and which define their powers and authority."[30] Accordingly, if there is no statutory authorization to appeal provided in Title 4, which governs both the ABC Commissioner's powers and the appeal process for liquor license applications, no such right exists.

Unlike other analogous provisions of the Delaware Code, the General Assembly did not expressly grant the ABC Commissioner the authority to appeal a decision by the Appeals Commission.[31] Rather, Title 4 states that only "a party to such hearing," *i.e.*, the hearing before the Appeals Commission, has the right to

---

[28] *See, e.g.*, *Dover Historical Soc'y v. City of Dover Planning Comm'n*, 838 A.2d 1103, 1110 (Del. 2003) ("Standing is a threshold question that must be answered by a court affirmatively to ensure that the litigation before the tribunal is a 'case or controversy' that is appropriate for the exercise of the court's judicial powers.").

[29] *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 900 (Del. 1994).

[30] *Wilmington Vitamin & Cosmetic Corp. v. Tigue*, 183 A.2d 731, 740 (Del. Super. Ct. 1962) (emphasis added) (citations omitted).

[31] *See, e.g.*, 19 *Del. C.* § 3320(a) ("Appeals to the [Unemployment Insurance Appeal Board] may be made by the parties . . . as well as by the claims deputy whose decision is modified or reversed by an appeals tribunal.").

appeal to the Superior Court.[32] Title 4 does not define "party." Delaware's Administrative Procedures Act does, but its definition does not provide much guidance in this context: "'[p]arty' means each person or agency named or admitted in an agency proceeding as a party, or properly seeking and entitled as of right to be admitted as a party to an agency proceeding."[33]

Reading Title 4 as a whole reflects that the General Assembly did not intend for the ABC Commissioner to be considered a "party" for purposes of filing an appeal from the Appeals Commission.[34] First, the provision of the statute governing appeals to the Superior Court exactly mirrors the provision of the statute governing appeals to the Appeals Commission. Both stipulate that appeals must be brought by "a party to the hearing."[35] The ABC Commissioner cannot be a party to his own hearing, which suggests that he would not then be considered a party to

---

[32] Under the current version of the Code, only a "party who is aggrieved by a final decision of the Appeals Commission may file a written appeal with the Superior Court . . . ." 4 *Del. C.* § 541(d). The difference in wording would not lead to a different result under this analysis. *Cf. Dir., Office of Workers' Comp. Programs v. Newport News Shipbuilding & Dry Dock Co.*, 514 U.S. 122, 127 (1995) ("Given the long lineage of the text in question, it is significant that counsel have cited to us no case, neither in this Court nor in the courts of appeals, neither under the APA nor under individual statutory-review provisions such as the present one, which holds that, without benefit of specific authorization to appeal, an agency, in its regulatory or policy-making capacity, is 'adversely affected' or 'aggrieved.'").

[33] 29 *Del. C.* 10102(6).

[34] *See, e.g., Broadmeadow Inv., LLC*, 56 A.3d at 1061 ("When construing the provisions in a legislative enactment, this Court will attempt to harmonize them to the extent possible. This is accomplished by reading the statutory provisions *in pari materia*." (footnote omitted)).

[35] *Compare* 4 *Del. C.* § 541(c) (before 2012) *with* 4 *Del. C.* § 304(b).

12

the hearing before the Appeals Commission and the Superior Court in the same case.[36]

The statute's lack of an explicit grant of authority to the ABC Commissioner to appeal is particularly relevant in this context because he seeks to appeal from the decision of his own agency. Although this Court has not directly addressed this issue before,[37] the Court of Chancery has observed that, "absent express statutory authorization, courts of other jurisdictions have generally not sanctioned the practice of agencies seeking judicial review of their own decisions."[38] For example, it is well-established that "a subordinate state agency does not have standing for judicial review of a superior agency's actions unless the legislature has expressly authorized such a suit."[39]

Equally well-established is the principle that "[a]dministrative agencies generally lack standing to seek review of their own orders, except as expressly authorized by statute . . . . In the absence of express statutory authorization or other special circumstances, a subordinate agency lacks standing to obtain judicial

---

[36] *See, e.g., Cebrick*, 426 A.2d at 320 ("[T]he Commission is not a party to proceedings before itself.").

[37] This Court has stated that "persons performing adjudicatory functions have no cognizable personal interest before a higher tribunal in seeking to have their rulings sustained." *Brooks v. Johnson*, 560 A.2d 1001, 1004 (Del. 1989) (citing *Wilmington Trust Co. v. Barron*, 470 A.2d 257, 261-62 (Del. 1983)). The same principle applies here, and weighs against granting standing to a subordinate administrative body when its ruling is overturned on appeal.

[38] *Ropp v. King*, 2007 WL 2198771, at *5 (Del. Ch. July 25, 2007).

[39] 2 Am. Jur. 2d *Administrative Law*, § 416.

13

review of the action of a superior agency."[40] This principle is reflected in decisions by courts across the country, including the United States Supreme Court.[41]

The Administrative Procedures Act[42] only permits an appeal from an agency decision by a "party aggrieved" or "against whom a case decision has been decided . . . ."[43] The Appeals Commission's ruling is the final decision of the ABC Commission. The ABC Commissioner cannot be "aggrieved" by the decision of his own agency.[44]

Perhaps because the presumption that a subordinate tribunal cannot challenge the decision of its superior, absent explicit statutory authority, is so well-

[40] 73A C.J.S. *Public Administrative Law and Procedure*, § 409.

[41] *See, e.g., Dir., Office of Workers' Comp. Programs*, 514 U.S. at 129 (holding that the Director of the Office of Workers' Compensation Programs in the U.S. Dept. of Labor lacked standing to challenge a decision by the Benefits Review Board, and finding that "when an agency in its governmental capacity *is* meant to have standing, Congress says so" (emphasis in original)); *Nat'l Ass'n of Sec. Dealers, Inc. v. SEC.*, 431 F.3d 803, 809-10 (D.C. Cir. 2005) ("Simply put, NASD appears before this court as a disgruntled first-level tribunal, complaining because it has been reversed by a higher tribunal. This case thus turns on one question: Whether NASD can claim to be a 'person aggrieved' . . . when the Commission reverses a disciplinary action taken by NASD as a first-level adjudicator under the Act. We hold that NASD has no right under the Act to bring this petition for review."); *Mortensen v. Pyramid Sav. & Loan Ass'n of Milwaukee*, 191 N.W.2d 730, 731 (Wis. 1971) ("An administrative officer is not a party for the purposes of seeking a review of a reversal of his determination by a board of appeals."); *State ex rel. Broadway Petroleum Corp. v. City of Elyria*, 247 N.E.2d 471, 475 (Ohio 1969) ("To permit the building inspector to attack the decision of the board of zoning appeals would allow him to nullify the authorized action of his superior authority."); *Dept. of Labor v. Unemployment Comp. Bd. of Rev.*, 67 A.2d 114, 116 (Pa. 1949) ("The provision for appeal 'by any party claiming to be aggrieved . . .' obviously refers to the party claimant or the claimant's employer, as defined in the statute. The words 'any party claiming to be aggrieved . . .' certainly do not include the Department of Labor and Industry because that department was not a party; on the contrary, the Department was the administrative tribunal authorized to try the case in the first instance.").

[42] *See* 4 *Del. C.* § 304(b).

[43] *See* 29 *Del. C.* §§ 10141 & 10142.

[44] *Cf. Dir., Office of Workers' Comp. Programs*, 514 U.S. at 127; *Brooks*, 560 A.2d at 1004.

established, the ABC Commissioner argues that he is not part of the same agency as the Appeals Commission. The Superior Court Commissioner concluded that it appears to be "self-evident" that the two together comprise one agency, the Delaware Alcoholic Beverage Control Commission.[45] The office of the ABC Commissioner and the Appeals Commission were created at the same time, through the same legislation, and in the same section of the Delaware Code. Indeed, the mandate to designate all four positions (one Commissioner and three members of the Appeals Commission) is contained within the same sentence of Title 4.[46]

The statute also provides that the ABC Commissioner and the Appeals Commission will share "personnel services and other necessary support services . . . ."[47] This administrative economy is logical, as the only purpose of the Appeals Commission is to hear appeals from the ABC Commissioner, and it only meets when an appeal is filed.[48] Hence, the Superior Court, in another case, referred to an appeal between the ABC Commissioner and the Appeals Commission as "internal," and described the latter's decision as the "agency's final decision."[49]

---

[45] *Office of the Comm'r*, 2013 WL 3816682, at *4.
[46] 4 *Del. C.* § 301(b).
[47] *Id.* § 303.
[48] *Id.* § 301(f); § 304(b).
[49] *Nischay, Inc. v. Alcoholic Bev. Control Appeals Comm'n*, 2011 WL 1743976, at *4 (Del. Super. Ct. Mar. 16, 2011); *cf.* 2 Am. Jur. 2d *Administrative Law*, § 445 ("An agency action is not

15

Because the ABC Commissioner provides the first level of review within a two-tiered agency, persuasive authority from other states and federal courts supports a conclusion that he does not have standing to appeal from decisions of the second-level reviewer, the Appeals Commission, absent express statutory authority. Moreover, because the General Assembly did not grant the ABC Commissioner such explicit authority, the default under either an analysis of standing generally or the specific powers of an administrative agency is to presume that the ABC Commissioner does not have standing. The Superior Court properly concluded that the ABC Commissioner does not have standing to pursue this appeal.

### *Quasi-Regulatory Role Does Not Grant Standing*

In addition to arguing that he is not part of the same agency as the Appeals Commission, and thus the presumption against granting him standing to appeal does not apply, the ABC Commissioner also claims that his status as a "public advocate" empowers him to pursue an appeal, at least for an unprotested application. The Superior Court recognized that, under Delaware law, neither a judicial officer or a person acting in a quasi-judicial role has "a cognizable interest in seeking to have his [or her] rulings sustained." The ABC Commissioner argues

---

final for purposes of judicial review under the Administrative Procedure Act if the action is only tentative or the ruling of a subordinate official." (footnotes omitted)).

16

that the Superior Court incorrectly focused on his quasi-judicial role rather than his regulatory role in representing the public interest.[50]

As a function of this separate role, the ABC Commissioner posits, he is a "necessary party" to any proceeding involving alcohol regulation, including appeals to the Superior Court from the Appeals Commission. This argument is not supported by the statutory scheme enacted by the General Assembly.[51] Title 4 does vest the ABC Commissioner with regulatory authority over alcoholic beverage sales in the State of Delaware. But it expressly provides that the ABC Commissioner's decision, on any particular application, is not "final and conclusive" if it is appealed to the Appeals Commission by a *party to the hearing*.[52] Thus, the General Assembly clearly intended for the Appeals Commission to provide oversight over decisions by the ABC Commissioner, and thereby to limit his authority exclusively to a quasi-judicial role in a specific case.

Our reading of the statute's elimination of the ABC Commissioner's role as a public advocate in a specific case is consistent with 4 *Del. C.* § 541(c), which states that "the Superior Court Commissioner may . . . remand the cause *to the*

---

[50] *See* Opening Br. at 22.
[51] *Cf. Dir., Office of Workers' Comp. Programs*, 514 U.S. at 134 ("If the correctness of adjudications were essential to the Director's performance of her assigned duties, Congress would presumably have done what it has done with many other agencies: made adjudication *her* responsibility. In fact, however, it has taken pains to *remove* adjudication from her realm. . . . The assertion that proper adjudication is essential to proper performance of the Director's functions is quite simply contrary to the whole structure of the Act." (emphasis in original)).
[52] *Compare* 4 *Del. C.* § 541(c) (before 2012) *with* 4 *Del. C.* § 304(b).

17

*Commissioner* for taking additional evidence on the record."[53]   If the General Assembly had intended for the ABC Commissioner to be considered a "party" to the Appeals Commission and Superior Court proceedings, it would be incongruous for him to be expected to impartially "tak[e] additional evidence" on remand in a specific case.[54]

The ABC Commissioner maintains that the deliberate use of "party" in § 541(c) (governing all appeals from the Appeals Commission to the Superior Court) rather than "applicant," as in § 544 (governing only unprotested applications), clarifies that the General Assembly intended for the ABC Commissioner to have standing before the Appeals Commission and in the Superior Court proceedings for unprotested applications, because otherwise there would only be one "party" before the Superior Court.[55]   But § 541(c) applies both to protested and unprotested applications.  Thus, the use of the term "party" was meant to include applicants as well as protestors, both of whom would be *parties* to the hearings before the ABC Commissioner and the Appeals Commission.  It

---

[53] 4 *Del. C.* 541(c) (emphasis added) (before 2012).

[54] "No man is allowed to be a judge in his own cause, because his interest would certainly bias his judgment, and, not improbably, corrupt his integrity.  With equal, nay with greater reason, a body of men are unfit to be both judges and parties at the same time . . . ."  THE FEDERALIST PAPERS: NO. 10, *available at* http://avalon.law.yale.edu/18th_century/fed10.asp; *see also Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 428 (1995) (quoting *In re Murchison,* 349 U.S. 133, 136 (1955)) ("[O]ur system of law has always endeavored to prevent even the probability of unfairness.  To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome.").

[55] *See* Opening Br. at 18.

would stretch the statutory language to assume that the word "party" in that context was intended to specifically refer to the ABC Commissioner.[56]

Moreover, this case does not present the question of whether the agency— acting through the Appeals Commission—has standing to argue in an appeal from its decision to the Supreme Court or from an adverse decision by the Superior Court. In such situations, this Court's precedent suggests that the agency would have standing to represent the public interest.[57] As the Superior Court Commissioner's opinion discussed, this Court determined in *Cebrick*, that the Alcoholic Beverage Control Commission, then consisting of five commissioners, had standing to appeal an order of the Superior Court after the court ruled in favor of applicants who were denied a license.[58] The Superior Court Commissioner in this case found that *Cebrick* did not control the result here, because the appeal in

---

[56] *Cf. Balma v. Tidewater Oil Co.*, 214 A.2d 560, 562 (Del. 1965) ("Any such conclusion would be unreasonable, we think, and would require an unwarranted stretching of the language of the Statute.").

[57] *See, e.g., Broadmeadow Inv., LLC*, 56 A.3d at 1062 ("Serious concerns would be raised by a statutory scheme that created an adversarial administrative proceeding but only permitted an appeal by one category of adversary, e.g. the losing applicant."). The ABC Commissioner argues that the Court's analysis in *Broadmeadow* applies here, but that case is distinguishable. In *Broadmeadow*, the Court determined that the applicant's competitor, who protested the application at the public hearing, had standing to pursue an appeal as a "party aggrieved" by the Board's decision to grant the application. *Id.* The Court's "serious concern" was that the statute could not be read to only afford a right to appeal to an aggrieved applicant, and not other "aggrieved parties," including those who protested the application. *Id.* Whether a subordinate review board could appeal a decision by a "superior" reviewer was not at issue.

[58] *Cebrick*, 426 A.2d at 321.

*Cebrick* was from the final decision of the agency, not the first level of a two-part review process.[59]

The Superior Court Commissioner properly concluded that *Cebrick* does not control the outcome of this case. In *Cebrick*, this Court considered whether the Commission—at that time, a one-tier agency—could appeal an adverse decision by the Superior Court. Here, Title 4 provides that the ABC Commissioner's decision is not "final and conclusive" if it is appealed to the Appeals Commission.[60] Thus, the only final agency decision that can be appealed to the Superior Court is the decision of the Appeals Commission, not the ABC Commissioner. Because the General Assembly created the Appeals Commission expressly for the purpose of reviewing the decisions of the ABC Commissioner, enabling the ABC Commissioner to bypass the Appeals Commission, as would be the net effect of granting him standing, would circumvent the statutory scheme. *Cebrick* stands only for the proposition that the current Appeals Commission has standing to represent the public interest in an appeal from its final decision in both the Superior Court and in this Court.[61]

---

[59] *Office of the Comm'r*, 2013 WL 3816682, at *3.

[60] 4 *Del. C.* § 544.

[61] *Cf. Nischay, Inc.*, 2011 WL 1743976 (discussing the appeals process established in Title 4, and affirming the decisions of the ABC Commissioner and the Appeals Commission to deny the application at issue); *see also Christian v. Del. Alcoholic Bev. Control Appeals Comm'n*, 2003 WL 21733139, at *4 (Del. Super. Ct. June 20, 2003) (affirming the decision of the Appeals Commission overturning the ABC Commissioner's denial of a license application), *aff'd*, 839 A.2d 665 (Del. 2003).

20

### Conclusion

The General Assembly created a detailed process to review liquor license applications, with the ABC Commissioner's decisions expressly subject to oversight and review by the Appeals Commission. Finding that the ABC Commissioner had standing to contest the Appeals Commission's decisions would be inconsistent with the statutory scheme, would exceed the express grant of statutory authority to the ABC Commissioner, and would go against the strong presumption that a first-level reviewer does not have standing to challenge the decision of the second-level reviewer. Accordingly, we affirm the final judgment of the Superior Court that dismissed the ABC Commissioner's claim for lack of standing.[62]

---

[62] At oral argument, the ABC Commissioner noted that an issue that was not presented in this case has been taken as decided by the Appeals Commission. That is, the ABC Commissioner argues that the Appeals Commission has apparently determined, on the basis of its reading of the Superior Court's decision, that it cannot hear from the ABC Commissioner if an appeal is taken by a party from one of his rulings. If that is the case, in a situation like this, where there are no other private parties to defend the ABC Commissioner's ruling, the Appeals Commission could be left without the ability to hear from anyone other than the applicant. But nothing in the proceedings before the Superior Court or this Court required determination of that distinct question, and nothing in this decision affirming the Superior Court should be taken as determining, one way or the other, whether the Appeals Commission has the discretion to hear from the ABC Commissioner if it wishes when considering an appeal from one of his rulings.